UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv434-RJC-DSC

| | |
|---|---|
| WILLIAM NORKUNAS, | ) |
| Plaintiff, | ) |
| v. | ) |
| MIRAN HOSPITALITY, | ) ORDER |
| Defendant. | ) |

THIS MATTER is before the Court on plaintiff's Motion to Strike Defendant's Jury Demand (Doc. No. 11). Defendant was notified that it had until January 11, 2010 to respond to the motion. The deadline has since passed, and defendant has not filed a response.

## I. BACKGROUND

Plaintiff, an allegedly disabled person, filed a Complaint against the Defendant pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq. ("ADA"), seeking injunctive relief for the removal of barriers to access present at the defendant's facility. No award of damages is sought. In response thereto, Defendant filed a demand for jury trial.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is timely if made by a party before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Defendant filed its answer on December 23, 2009. On December 24, 2009, plaintiff filed his Motion to Strike. Therefore, the motion is timely.

Although courts have broad discretion in disposing of motions to strike, such motions "are

generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted); see Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted). "[A]s far as motions to strike pleadings on the basis of immateriality are concerned, a 'matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) (quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford County, No. 1:08cv441, 2008 U.S. Dist. LEXIS 102779, at *9 (W.D.N.C. Dec. 1, 2008) (internal quotation marks and citations omitted).

## III. DISCUSSION

Rule 39(a)(2) of the Federal Rules of Civil Procedure "authorizes the court to proceed without a jury when it finds that the right to a trial by jury does not exist for the issues presented by the pleadings." Francis v. Dietrick, 682 F.2d 485, 487 (4th Cir. 1982). Where a case presents only equitable claims, the right to a trial by jury does not exist. See Skippy, Inc. v. CPC Int'l, Inc., 674 F.2d 209, 215 (4th Cir. 1982). Plaintiff seeks only injunctive relief in this action. Therefore, defendant's jury demand has no bearing on this matter, and such demand will be stricken.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Strike Defendant's Jury Demand is **GRANTED**.

Signed: January 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge